Our first case today is 2017-1355 Elbit v. Thales. Is it Sudarshan? Am I saying it right? Okay, please proceed. Thank you, Your Honor, and may it please the Court. Under KSR, the claims before the Court today are at best predictable variations of the prior art and are therefore obvious. The prior art describes navigation systems using the very same inertial sensors. I'm going to ask some questions to clarify for myself, both you and your opposing counsel. I just want to establish some parameters. First, the parties dispute whether the relative angular rate signal would have been obvious to a posita in light of McFarlane and Velcher, right? Yes, Your Honor. Second, the parties never requested that the PTAB construe relative angular rate signal and now disagree on the meaning of the limitation. Isn't that right? I agree, Your Honor. The parties never asked for constructions, but I don't think there's a meaningful dispute as to the meaning of that limitation. Third, Thales argues that McFarlane and Velcher calculate relative orientation via the old way, which is a three-step process described by their expert, and Elbit argues that McFarlane and Velcher merely integrate then subtract. Am I correct? Yes, Your Honor. Fourth, Thales argues that Claim 3 calculates the relative angular rate signal via the new way, which is a two-step process described by their expert, and Elbit argues that Claim 3 merely subtracts then integrates.  Fifth, the parties dispute whether it would have been obvious to a posita to replace the old way or integrating then subtracting calculation in the prior art with the new way, i.e. subtracting then integrating calculation. Is that correct? It's correct insofar as the premise we do reject the notion that there's anything such as a new way or an old way. We believe it's just one way. It's all mathematics. If it all adds up to the same result, you say it's the same thing. Yes, Your Honor. Okay, thank you. Let me start, Your Honors, by addressing, I think, the basic typography of the claims at issue in this case, which I think proves that the only difference between the prior art and the claims is a mathematical ordering of steps. And we think one of the things that the board here missed is the importance of Tallis essentially conceding that the reverse order of steps, as represented by Claim 6, is obvious over the prior art, and they have not appealed that finding to the court. So Claim 6 is a same system, the same inertial sensors, with the same inputs, and it provides actually the same output. The only place I can find the use of the word substantial evidence in your blue brief is in the opening standard of review section. Nowhere else. Do you challenge whether substantial evidence supports the PTAB's findings? Your Honor, we do. We do. Our blue brief at page 19, we challenge the crux of the PTAB's conclusion here, which was that our expert had somehow conceded that he had not shown the applicability of the sum of integrals principle to the claims at issue. At our blue brief at page 19, we showed, indeed, he had proven that the sum of integrals principle applies to inertial navigation. And what we believe happened here is that the board unfairly cherry-picked one snippet from Dr. Grayball, that was our expert, his testimony. At appendix 17 of the board's analysis, they rely on one- That's not the same thing. I didn't ask you whether you thought you had evidence which could support a decision the other way. I'm asking you whether you challenge that substantial evidence exists to support the PTAB's findings, and page 19 doesn't do that. Your Honor, you're correct that we have not framed this case as substantial evidence review. You're certainly right. Thank you. If I may, I would like to address the board's- the crux of the board's analysis in this case. The board concluded that Dr. Grayball had made a concession here. And the board looked at testimony where Dr. Grayball was asked, have you shown the proof of the sum of integrals principle to the navigation equations here? And his testimony was that he had not. But I think the board extrapolated the importance of that testimony to a conclusion that's unsupported. There are four critical pieces of evidence that the board ignored in reaching its erroneous findings. One, at appendix 839, Dr. Grayball showed, using the Velger reference that's admitted prior art, that the Velger reference teaches the very same systems that we're talking about here. And the Velger system uses the reverse ordering of steps. And Dr. Grayball explained that in the context of this invention, that ordering of steps is immaterial as a matter of calculus. And neither side has come forward with that. Neither side or the board has ever said there's an exception to calculus that applies here. Taos has conceded that as a matter of calculus, the sum or difference of two integrals is equal to the integral of the sum or difference. That's an established fact and it's not conceded. We frame this case, Your Honor, as a legal error because under KSR, what we have is a predictable variation of the prior art. We've also pointed in our briefs to the In Re Handbook. Which, according to their expert, works better. Your Honor, that's correct. That's correct. But the board, we think it's critical. The board did not rely on that testimony from the expert.  The board's decision does not come out and say that this ordering of steps results in some improvement over the prior art. And as the court is well aware, under administrative law principles, this court can only affirm the board's decision on the basis of how the board reached its conclusion under In Re. Well, is this the same basis or is it just looking at different evidence that is in the record that supports the board's decision? I'm not sure this is a Chenery problem because the board did decide this issue. They just didn't cite that particular evidence in support of their resolution. Your Honor, I think you're correct. But I think it's really important here to really zoom in on the board's analysis. It's very brief. We think it's unusually brief. The conclusion that the board reached was that our expert's testimony on motivation essentially was unsupported. But it would be, in our view, respectfully improper for this court to rely on anything that Talha's expert opined on about improvements over the prior art because the board didn't rely on that. Let me get to something that really bothers me a bit. And that is, as Talha's explained in the red brief, 17 through 22, and you're well aware, your opening brief discusses numerous materials that are not in the record that you attempted to supplement. We denied that. Yes, Your Honor. And you have it in the record. Why shouldn't we award sanctions when you deliberately relied upon material outside the record? Your Honor, we believed in good faith that the statements that Talha's made to the European – that Talha's predecessor made to the European Patent Office were so contradictory to the arguments they've made here that it was appropriate to bring a motion to supplement or to bring a motion for judicial – It's fine. You can bring a motion to supplement. It was denied. Yes, Your Honor. Well, we believe – So how's it in the blue brief? Your Honor, we understand the court's order here to strike it. But we think, again, the matter of attorney's fees, this was certainly not a frivolous motion on our part. Talha's literally told the European office that there's essentially no difference between these two things. No, no, no. I didn't say your motion was frivolous. I said you're including material outside the record, knowing it's outside the record, is improper. How is it not improper? Your Honor, respectfully, we believe it's not improper because the motion to supplement relies, as we've argued, that Talha's had a duty of candor to the PTAP to bring this forward. It was a contradictory statement. And so at least for that basis, we have a good-faith basis to have argued that the motion should be supplemented. We in good faith did not discover – I didn't. We're talking Apples and Oranges Council. I'm not saying you don't have a good-faith basis for filing the motion. You may very well have a good-faith basis. I'm saying that including that material in the record when you know that you've filed a motion to supplement and it has not yet been granted is improper. How is it not improper? Your Honor, looking back on it, we probably should have waited to file a new brief. So that's, in effect, a concession that opposing counsels should get their fees on those aspects of the case? No, Your Honor, respectfully, I think the statement is so outrageously contradictory that it was proper for us, having discovered it, to put it in our opening brief. We thought there was really nothing they could do to hide from that statement. You were sure we would grant the motion, which we didn't. We got that wrong, Your Honor. That's sort of – where I come from, where I practice law, that's sort of rolling the dice, isn't it? Your Honor, we were certainly confident in our position that the statement was improper and that we were disappointed that the court did not take interest in it. You threw snake eyes. One plus one. Your Honor, I understand where the court is coming from. Do you want to save the rest of your time for rebuttal? Yes, Your Honor. Okay, very good. Let's hear from the other side. Okay, you've got to tell me how to pronounce your name. His was actually easier than yours. Go ahead. Good morning, Your Honors. Dana Koneczny. Koneczny? Koneczny. Koneczny, got it. On behalf of the appellee. Please proceed. Contrary to Elbit's position, the Board didn't require Elbit to prove that math generally applies to motion tracking. Rather, the Board found that Elbit failed to prove its contention that the claimed invention can be obtained by applying elementary math to the prior art. What about my five questions I asked? And, Your Honor, I tried to write down the questions at the same time. Okay, then I'll go through it. But if you could restate them, it would be easiest. The parties dispute whether the relative angular rate signal would have been obvious to have preceded in light of McFarlane and Velger. That is correct. Okay. The second one is the parties never requested that the PTAB construe relative angular rate signal and now disagree on the meaning of that. That is also correct, Your Honor. Okay, your opposing counsel thinks you don't disagree on that. So he said, seemed to say. Well, I suppose it depends on, my position is that we do disagree on what that element is. Okay. Third, Dallas argues that McFarlane and Velger calculate relative orientation by the old way, i.e., a three-step process. And Elbit argues that McFarlane and Velger merely integrate then subtract. That's correct. That's at the level of abstraction that those statements were made in the briefing. But I would only add. Yes, please. I want an explanation of all this background stuff. Sure. I add because I think it's important to a number of the arguments that were made. Uh-huh. That we strongly disagree that the difference between the old way and the new way is simply a reordering of steps.  We think that the record is clear that, in fact, there are different steps associated with the old way and the new way. And in particular, the new way omits, enables a person who practices this to omit steps which are critical to the advantages of the new way. Fourth, Dallas argues that Claim 3 calculates the relative angular rate signal via the new way, i.e., a two-step. And Elbit argues that Claim 3 simply subtracts then integrates. I, I, I, those are, that's an accurate statement of the arguments, Your Honor. I, I, with it. Same. You're going to make the same. I know. Yeah, but the details are, are, are more complicated in terms of just the steps. It's not a simple changing of the order of the steps. You know, I, uh, okay. Um, and fifth, the parties dispute whether it would have been obvious to a posita to replace the old way with the new way. Uh, that's correct, uh, with, uh, the caveats I mentioned before. Yeah. Okay. Thank you. Where do you argue that the old way and the new way use different, uh, navigation equations below? So, uh, that argument is throughout the, uh, the brief and also in the, uh. Below. Would, would the court like a, a, a red brief, uh, reference to that? Uh, or. Where do you argue it below? Not in front of us. Sure. Uh, the, the argument that there were different steps is really the, the, the fundamental part of the entire argument that we were making. Mm-hmm. That the new way, uh, allows us to amend. In quotes, old way, new way. Where do you argue it below? I, I can, uh. Use different, using different, uh, navigation equations. Uh. Old way uses one, new way uses a different navigation equation. Where do you argue that in the record below? Sure. I, I would point the court, for example, to Dr. Welch's, uh. I think your co-counsel has a site. Oh. Uh, Dr. Welch's, uh, affidavit, uh, or his declaration. Mm-hmm. That we filed in support of our, uh, policy. I'm sorry. Our, our, uh, patent owner's response. Uh, at. Let's see here. Uh, an appendix 2117. Okay. Through. 21120. 21120, I believe, will be one reference, uh, to this. Uh, where, uh, the court, uh, where, where Dr. Welch, uh, explains, for example, uh, to appendix 2118. Mm-hmm. Uh, at the top of paragraph 54. Uh, okay. I'm sorry, Your Honor. 2118. 2118. It's page 33 of the, uh, Dr. Welch's declaration. Mm-hmm. Uh, the section that this paragraph appears in is titled, Petitioner Misunderstands the Breakthrough of the 159 Patent and the New Functionality it Enables. Uh, and there is an express, uh, reference to, uh, our response to Dr. Graywall's arguments. And it expressly, expressly references equation 10 of the 159 patent. So, we, we do address the, the equations of the patent. Uh, the equations of the patent, by the way, appear in the description of the patent. Mm-hmm. They are not incorporated into the claims. Uh, but, uh, we, we, we specifically describe the new way as being related to, uh, equation 10, uh, of the, uh, the patent here. And it goes on. Uh. Mm-hmm. So, we also, uh, in addition to that, just in case there's, uh, any question about it, uh, page A19, uh, in the oral hearing, we, we discuss the McFarland patent in detail. And, and the, the argument that, uh, the McFarland patent, uh, could have disclosed the new way is another area where, where all this was addressed below. Uh, the argument was initially, uh, that, uh, uh, Elbit made the point that the new way might be part of, uh, the McFarland patent. Uh, that was something that at the point of, uh, the oral argument below, uh, Elbit conceded, quote, that the relative rate signal, uh, was not explicitly disclosed, uh, in the prior art. Uh, uh, that's at A468. Uh, the board nevertheless heard our arguments with respect to, uh, the McFarland patent and independently concluded based on the process that was involved in the McFarland patent. Uh, that it practiced only the old way and not the new way. Uh, so, uh, in the grade rate, uh, at page 17, uh, Elbit, uh, uh, Elbit says that you omitted a key word, other. Yes. To distort, uh, Dr. Graywell's testimony. I want you to discuss that. Sure. Uh, so, uh, first, we, we certainly did, did not intend to distort anyone's testimony on the record. And I'd like to make the point that, that this case really didn't hinge on any particular thing that Dr. Graywell said during his deposition. Uh, Dr. Graywell's admissions during his deposition make the point most clearly. But the real problem is that there is no, uh, evidence or support in the record for Dr. Graywell's opinion that the old way is mathematically equivalent to the new way. Does the admission of other change his testimony? No, it does not. My understanding of, of the term other in the context of his deposition, uh, is other than his declaration and other than the calculus textbook upon which he relied, which is, uh, Anton, uh, Calculus by Anton. Uh, that's my understanding of what other meant, uh, when that question was asked and answered. Okay, one, one other question I want for cleanup. Sure. And that is, you've asked for sanctions. And I raised that question when you were opposing counsel. What number are you seeking? I, you, you sort of have to unplug the inclusion of that language. What did it cost you? I, Your Honor, in terms of just that language, I, I, I don't have a number here today. Uh, we're happy to provide, uh, you know, substantiation in terms of not just a number, but, but our, you know, records to support what, what number we would provide if the court wishes. Uh, the, uh, uh, you know, the reason that we, that we included that in our brief, uh, was twofold. Uh, first, all of it could have been avoided had, uh, Elbit simply withdrawn its motion. The, the document in question was a document that Elbit actually had, uh, and so. Well, they didn't have to withdraw their motion. I mean, the problem I have is that they included the information in the blue brief when they had a pending motion, which eventually was denied. Fair enough, Your Honor. The only other reason that we included it was because, although I understand that Elbit argues that they made their arguments in good faith, their arguments are fundamentally based on, uh, our alleged bad faith activity. And we found no support for that, uh, in the record. Uh, and that was the reason for why we, we, uh, we included that sentence in our brief. Uh, I want to get back to, uh, uh, Judge Wallach's, uh, question regarding other because I want to make clear that, you know, regardless of what Dr. Graywall meant by the term other, uh, the fact remains that nowhere does Dr. Graywall show that the equations for the new way. For example, described in the patent at equations 10, 11, and 12, that's at A37, could be obtained from the prior art equations, uh, any prior art equations, uh, that are the navigation equations. For example, the equations in the Velger reference at A727. What Dr. Graywall, uh, did was offer an elementary calculus textbook that shows the sum of integrals property in one dimension. Uh, Dr. Graywall admitted that the calculus by Anton textbook did not teach how to solve navigation equations in three dimensions. He also admitted that, quote, attitude information in three dimensions can no longer be obtained by simple integration of the measured turn rate. And, of course, this elementary calculus textbook is all about simple integration. Uh, he, he, he also testified that he did not reference any publications that, quote, actually show the application of the sum difference property of integrals to the navigation equation of the old way. Uh, that's at, uh, A2755, and I believe that that reference does not include the, the term other, uh, in, in his, in either the question or the answer. Uh, as the board stated, uh, the petitioner, Elbert here, quote, fails to establish beyond a preponderance of the evidence that it would have been obvious to one of ordinary skill in the art to apply the sum of integrals principle to obtain claim three. Claim three is a new way claim. Uh, so what the board, uh, rested its decision on was not the lack of applet evidence of general applicability of math to this problem, but rather the, the, the lack of support for applying this basic, uh, uh, mathematical equation to the prior art and arriving at, uh, the claimed invention. Uh, because substantial evidence supports, uh, those findings, uh, this court should affirm. Sorry, I thought you were done. Are you done? Um, I'm, if there are no further questions, I am, I'm happy to, uh, to withdraw. Thank you. All right. Let's have rebuttal. Mr. Sudarshan. Thank you, Your Honors. We strongly disagree with the notion that Elbert's expert simply did not prove that the navigation applied, navigation principle here, that the sum of integrals principle applies to the claims at issue. I think it's important to go to appendix, uh, 2036, where, uh, Dr. Graywall showed, uh, the applicability of this principle to the claims at issue here. What he showed was, he said, he showed that the inertial sensors in this case, which are measuring angles, they're basically gyroscopes that are taking measurements over discrete periods of time, say every tenth of a second. They're taking those angles in, and then they're summing up those changes in angles over time. What paragraph are you referring to here? Did you say page 2036? Yes, Your Honor. The top of 2036 back to 2035. It's paragraph 18. And he shows using the, the, the, the actual navigation equations at issue in this case, that the so-called old way is equivalent to the so-called new way. And that's because as you're summing up these differences in angles between the one sensor on the tracked object and the one sensor on the moving reference, you can either take the difference between the two sensors as you go and then sum them up at the end, or you can do the incremental differences on one sensor and the incremental differences on the other sensor and relate them at the end and they're exactly the same. The critical, the critical point here, Your Honors, is the board's decision just does not account for the one-sided nature of testimony in this case. Dr. Welch. Your problem, and I think that Judge Wallach summed it up for you in the direct, isn't whether or not there is substantial evidence in this record to have supported the opposite factual conclusion about Dr. Gray Wall. The question is, was there substantial evidence in the record to support the one the board actually reached? And what you're pointing to is absolutely the evidence that could have supported an alternative fact finding, but that's not the one the board made. And so what you have to contest, you can't show us where he said something that would have helped you if they found for you. You have to show us why they were wrong, for example, when he admitted the new way eliminates drift error that isn't somehow manifesting a difference between the two calculations such that their fact finding is wrong. So basically what you have to do is prove that they got wrong all of the things they rejected that caused them to reject the Gray Wall testimony. You can't just randomly point to something he said that helps you. And he was your expert. Of course he said something that helps you. What you have to deal with is the things that he said that the board found hurt you. I appreciate that, Your Honor. I still think that under a substantial evidence standard of review, substantial evidence does not support the board's finding because— You conceded that you didn't argue that in your blue brief. Your Honor, we did not make that as a legal argument, but we did argue that the one piece of evidence that they hang Dr. Gray Wall on was unsupported because what he testified was what he hadn't shown in the context of navigation equations, and the claims are not limited to those navigation equations. Your Honor, I think at a minimum we would propose that one alternative here, if the court is concerned about the state of the record because there's no mention of the testimony from Dr. Welch on the benefits of this other way, is a remand to consider whether there's actually any improvements over the prior article. I don't think we're concerned about the state of the record. We're concerned about the state of the briefs. If the only issue on appeal is the ultimate conclusion of obviousness, then we can't look behind the board's fact findings, right? That's correct, Your Honor. That's correct. But we do think that one of the underlying gram factors here is incorrect, and that's all that the board relied on here was a supposed concession by Dr. Gray Wall, which is not really an admission of anything. Dr. Gray Wall did not concede that he did not show the applicability of this principle to the claims. And if I could just kind of give this one final sell, Dr. Gray Wall showed the applicability of the sum of integrals principle to the claim systems. There's one cherry-picked testimony here that the board relied on that he didn't show the applicability to the navigation equations in the patent, but the navigation equations in the patent are not the claim systems. And so that we think is an unfair kind of leap. And again, going back to the first principles of ASR, what we have here is that the very same system as in the prior art, all you've changed is in order of steps. According to calculus that no one's disputing, that ordering is immaterial. And so we think this is a textbook case of obviousness, and it seems I'm running out of time. I'll rest my argument. Okay, I thank both counsel for their argument. The case is taken under submission.